UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| MANSOUR BAHRAMPOURI, ) | Chapter 7 |
| ) | Case No. 19-12117 (CJP) |
| ) | |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| GARY W. CRUICKSHANK, CH. 7 ) | |
| TRUSTEE  IN BANKRUPTCY FOR ) | |
| MANSOUR BAHRAMPOURI, ) | |
| ) | Adversary Proceeding No. 21-01009 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BENJAMIN TARIRI & TARIRI LAW ) | |
| OFFICES, P.C., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER**

Defendants Benjamin Tariri and Tairi Law Offices, P.C. (hereinafter collectively referred to as "Defendants"), respectfully file their answer to the Plaintiff's complaint and state as follows:

1. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

2. Admitted.

3. Admitted.

4.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

5.  Admitted.

6.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

7.  Admitted.

8.  Denied.

9.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material. Further answering, Defendants state that the trial took place on March 16, 2021, and then continued and ended on March 29, 2021.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

12. Admitted.

13. Partially admitted. Further answering, Sausn was dissolved on March 8, 2018, however it continues to exist under M.G.L. c156D § 14.05 (Effect of Dissolution).

14. Admitted.  Further answering, these claims by the corporations developed after the Debtor had filed his Ch. 7 Petition for Bankruptcy.

15. Denied.

16. Admitted.

17. Admitted. Further answering, there was no requirement for the Corporations to state their debts on the Ch. 7 Debtor's Amended Schedules.

18. Admitted.

19.  Denied. Further answering, see M M.G.L. c156D § 14.05 (Effect of Dissolution).

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

21. Denied. Further answering, Defendants state that the debt by Sasun to Benjamin Tariri was indeed reduced to writing in the form of a check.

22. Admitted. Further answering, the Debtor believed that he was not required to list the corporations' debts on the bankruptcy schedules. At no time were the funds received by either Sasun or Abbas property of the Debtor's bankruptcy estate.

23. Admitted. But further answering, see M.G.L. c156D § 14.05 (Effect of Dissolution).

24. Denied. Further answering, see M.G.L. c156D § 14.05 (Effect of Dissolution).

3

25. Admitted. Further answering, Sasun made the initial loan to Abbas so that it can purchase its assets.

26. Denied.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore, neither admit nor deny them, but call upon the Plaintiff to prove them to the extent they are material.

28. Denied.

29. This paragraph does not contain any allegations. To the extent that there is an allegation, defendants hereby deny same.

30. Denied.

31. This paragraph does not contain any allegations. To the extent that there is an allegation, defendants hereby deny same.

32. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting these claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted in that it has failed to allege the elements of a cause of action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join a necessary party.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint must be dismissed because Defendant Benjamin Tariri had the right of Set Off and Recoupment.

### . FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint must be dismissed because Defendant Benjamin Tariri had the right of Set Off and Recoupment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint must be dismissed because Defendant Tariri Law Offices, P.C. acted as a Conduit.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint must be dismissed because the Parties and the Debtor acted as Conduits.

**\* The Defendants hereby states that they  do not consent to the entry of final orders or judgment by the Bankruptcy Court.**

**WHEREFORE**, Defendant respectfully requests judgment against Plaintiffs, and demands that this honorable Court order as follows:

        **a.** Dismiss Plaintiffs' complaint;

        **b.** Pay Defendant's attorney fees and court costs for the present action; and

        **c.** Any other and further relief as this Court deems just and equitable.

        **d.**

## DEMAND FOR TRIAL BY A JURY

Defendants Hereby Respectfully Demand a Jury Trial on All Matters so Triable

April 16, 2021

                            Respectfully submitted,
                                Defendants,

                                /S/BENJAMIN TARIRI, individually
                                _____

                                S/BENJAMIN TARIRI, President of Tariri
                                Law Offices, P.C.

                                  _____

                                Benjamin Tariri, Esq.
                                BBO # 652042
                                Tariri Law Offices, P.C.
                                15 Court Square
                                Boston, MA 02108
                                Tel: 617-574-9080
                                Fax: 617-574-9070

<u>CERTFICATE OF SERVICE</u>

I, Benjamin Tariri, Esquire, attorney for the above-captioned Defendants, hereby certify that I have this 16th   day of April, 2021, served a copy of the Defendants' Answer  upon the Plaintiff by Electronic mail..

April 16, 2021

Respectfully submitted,

/S/BENJAMIN TARIRI

_____

Benjamin Tariri, Esq.
 BBO # 652042
Tariri Law Offices, P.C.
15 Court Square
Boston, MA 02108
Tel: 617-574-9080